UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAMUEL TERRAIL YOUNG, JR.,                                              PETITIONER

V.                                              CIVIL ACTION NO. 3:20-CV-736-TSL-RPM

STATE OF MISSISSIPPI, ET AL.,                                           RESPONDENTS

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 10, 2020, petitioner Samuel Terrail Young, Jr. ("Young") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Section 2254"), requesting his state court conviction be set aside, his sentence be vacated, and a new trial ordered. Doc. [1]. On February 12, 2021, respondents State of Mississippi and Barbara Simmons ("respondents") filed the present motion to dismiss Young's habeas petition on the grounds that it is time-barred. *See* Doc. [13].

### II.   PROCEDURAL HISTORY

On April 1, 2016, Young was indicted on two Counts: (i) sexual battery, Miss. Code Ann. §97–3–95(1)(a), and (ii) burglary, Miss. Code Ann. §97–17–23. Doc. [14], Ex. 1, at 12–13. Following a motion brought by the State, the indictment was amended to charge Young as a habitual offender, Miss. Code Ann. § 99–19–83, on November 21, 2016. *Id.*, Ex. 1, at 67. On November 28, 2016, Young was brought to trial on the charges in the Mississippi circuit court for Madison County. Following a four-day jury trial, Young was found guilty of sexual battery but not guilty of burglary. *Id.*, Ex. 1, at 124–26. On December 6, 2016, the state trial court sentenced Young as a habitual offender to life imprisonment without the possibility of parole. *Ibid.* Thereafter, Young directly

1

appealed. The Mississippi Court of Appeals denied his appeal and later denied him a rehearing. *Young v. State*, 264 So.3d 797 (Miss. Ct. App. 2018). Young then petitioned the Mississippi Supreme Court for a writ of *certiorari,* Doc. [14], Ex. 1, at 152, which was summarily denied by that Court on February 21, 2019, *Young v. State*, 263 So.3d 666 (Miss. 2019). Young did not petition the U.S. Supreme Court for a writ of *certiorari*. Finally, on March 4, 2020,[1] Young, proceeding *pro se*, filed an application for leave to file for postconviction relief ("PCR application") with the Mississippi Supreme Court. Doc. [14], Ex. 11, at 5. The Mississippi Supreme Court summarily denied Young's PCR application on April 14, 2020. *Id.*, Ex. 11, at 2–3. On November 10, 2020,[2] Young filed the present federal habeas petition. Doc. [1].

### III. ANALYSIS

#### A. Statute of Limitations

Since the present motion addresses the timeliness of Young's federal habeas petition, Section 2244(d) is applicable. 28 U.S.C. § 2244(d). In full, Section 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] While filed on March 10, 2020, the respondent concedes that Young signed his petition and handed it to prison authorities on March 4, 2020. Doc. [13], at 5. The respondents are correct that, pursuant to the prisoner mailbox rule, March 4, 2020 is the correct date of filing. *Brown v. Taylor*, 829 F.3d 365, 368–69 (5th Cir. 2016).
[2] Here, prison officials received Young's petition on November 10, 2020. Doc. [1], at 15; Ex. 2. Therefore, November 10, 2020 is considered the date that he filed his petition. *Starns v. Andrews*, 524 F.3d 612, 616 n.1 (5th Cir. 2008).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[28 U.S.C. § 2244(d).]

Under the statute, the one-year limitation period for filing a federal habeas petition *begins* to run "from the latest of several start dates." *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). These start dates are found in 28 U.S.C. § 2244(d)(1)(A)–(D). *Ibid.* A Mississippi state prisoner's one-year limitation period begins to run upon entry of his final judgment of conviction *unless* Section 2244(d)(1)(B), (C), or (D) applies. *See, e.g.*, *Green v. Banks*, No. 1:18–CV–180–HSO–LRA, 2019 WL 1167809, at *3 (S.D. Miss. Mar. 13, 2019).

Here, Young has not shown an impediment created by the state government that violated the Constitution or federal law which prevented him from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Similarly, he has not shown a newly recognized constitutional right upon which his petition is based. 28 U.S.C. § 2244(d)(1)(C). Finally, there is no indication that Young's claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Therefore, the Court applies Section 2244(d)(1)(A).

Under Section 2244(d)(1)(A), a prisoner has "one year to file a federal petition for habeas corpus relief," starting from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). *See also Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018). Under Section 2244(d)(1)(A), direct appeal to the U.S. Supreme Court is also contemplated. *Gonzalez v. Thaler*, 565 U.S. 134, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012). When a petitioner appeals to the highest state court, but not the U.S. Supreme Court, his direct appeal expires when the ninety-day period to petition the

Supreme Court for a writ of *certiorari* concludes. U.S. Sup. Ct. R. 13. *See also Catchings v. Fisher*, 815 F.3d 207, 210 (5th Cir. 2016); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).[3]

Here, the Mississippi Supreme Court denied Young's *certiorari* petition on February 21, 2019. Doc. [14], Ex. 10, at 2. As such, Young had ninety days from that date to directly appeal to the U.S. Supreme Court via petition for a writ of *certiorari* on direct appeal. U.S. Sup. Ct. R. 13; *Catchings*, 815 F.3d at 210. Since he did not file a *certiorari* petition with the U.S. Supreme Court, Young's one-year limitations period began ninety days after the Mississippi Supreme Court entered their denial of his *certiorari* petition, May 22, 2019. *See Young v. State*, 263 So.3d 666 (Miss. 2019).

The Court turns to whether Young is entitled to tolling of his one-year limitation period.

### B.  Statutory Tolling

Under Section 2244(d)(2), a petitioner is entitled to statutory tolling for the period that his "properly filed" PCR motion is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (quoting *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)), including but not limited to time requirements related to filing, *Allen v. Siebert*, 552 U.S. 3, 6, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007).  Furthermore, an application is "pending" so long as the ordinary state collateral review process is "in continuance." *Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). That is, "until the completion of" the PCR process. *Id.* at 220, 122 S.Ct. 2134.

Here, as the State concedes, Doc. [13], at 5, Young "properly filed" a PCR application with the Mississippi Supreme Court on March 4, 2020, Doc. [14], Ex. 11, at 5. On April 14, 2020, the

---

[3] A petitioner had ninety days from the date that the state supreme court enters final judgment to file a *certiorari* petition with the U.S. Supreme Court. U.S. Sup. Ct. R. 13(1); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

4

Court summarily denied Young's PCR application, *id.*, Ex. 11, at 2–3, which constituted final judgment, Miss. Code. Ann. § 99–39–27(9), and "completion of" the PCR process, *Carey*, 536 U.S. at 220, 122 S.Ct. 2134. As a result, Young was entitled to statutory tolling for the 42-day period that his properly filed PCR application was pending before the Mississippi Supreme Court. 28 U.S.C. § 2244(d)(2).

### C.  Equitable Tolling

In addition to statutory tolling, a petitioner may be entitled to equitable tolling. To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012).

The Court begins with the "extraordinary circumstances" prong. As the term "extraordinary" suggests, this prong will only "rarely" be met. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam). By extent, "'garden variety claim[s] of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling[.]'" *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 649, 130 S.Ct. 2549). Furthermore, filing delays must flow from external factors beyond the petitioner's control, *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), and, even then, the measure is "*how severely* those [external] impediments limited the petitioner's ability to timely file[,]" *Jimenez v. Hunter*,

741 F. App'x 189, 193 (5th Cir. 2018) (emphasis added) (citations omitted). After all, "equity is not intended for those who sleep on their rights." *Manning*, 688 F.3d at 183 (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). Finally, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted).

Turning to the diligence prong, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson*, 933 F.3d at 411 (quoting *Holland*, 560 U.S. at 653, 130 S.Ct. 2549). There is no temporal cut-off for diligence, *id.* at 413, but "'delays of the petitioner's own making do not qualify' for equitable tolling[,]" *Clarke*, 721 F.3d at 344.

Liberally construing Young's habeas petition and other filings, *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), the Court understands Young to be making two overarching arguments. First, Young summarily argues that he did not fail to file his habeas petition in an untimely manner. Doc. [1], at 14; [15], at 1.[4] Second, in an untimely response, Young argues that he is entitled to equitable tolling because the COVID–19 pandemic began last year, he "caught coronavirus" and was "very ill," and was on "psych medicine." Doc. [17], at 1.[5]

In the present case, Young has failed to demonstrate diligence. To begin with, the first ten or so months of Young's limitations period, which started on May 22, 2019, occurred *before* COVID-19 became a public health crisis in the United States. Likewise, the first COVID-19 case was only detected in Mississippi on March 11, 2020. Mississippi Dep't. of Health, Mississippi Reports First Positive Case of Coronavirus (Mar. 11, 2020), https://msdh.ms.gov/msdhsite/_static/23,21819,341.html. In turn, Young's COVID-related arguments cannot possibly explain what prevented him from filing during that portion of the limitations period. *See*, *e.g.*, *United States v.*

---

[4] This argument fails for the reasons stated above. Further, to the extent that Young arguing that his ignorance entitles him to equitable tolling, this argument fails. *Johnson*, 483 F.3d at 286.
[5] While the Court has given Young two opportunities to elaborate on these statements, Young has declined to provide evidence to support his barebones assertions. Doc. [18, 21].

*Thomas*, No. CR 18–135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) (collecting cases concluding that a long, unexplained pre-COVID filing delay is fatal at diligence prong). *See also Piper v. United States*, No. 16–CR–278, 2021 WL 1250328, at *2 (N.D. Tex. Apr. 5, 2021) (same). Second, the mere fact that Young was on "psych medicine" is not, without more, an excuse for his lack of diligence. *Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008) (concluding that petitioner's barebones statement that he was diagnosed with "severe psychotic and/or schizophrenia [sic] tendencies" and categorized at the "highest" mental illness level was insufficient to warrant equitable tolling). *See also Stephenson v. Ercole*, No. 07–CV–3677(CBA), 2009 WL 3872358, at *4 (E.D.N.Y. Nov. 17, 2009) (collecting cases); *Jones v. Thaler*, No. 3–10–CV–2100–P–BD, 2011 WL 444860, at *2 (N.D. Tex. Jan. 19, 2011), *adopted*, No. 3–10–CV–2100–P, 2011 WL 419200 (N.D. Tex. Feb. 7, 2011); *Hennington v. Johnson*, 2001 WL 21045 at *2 (N.D. Tex. Feb. 28, 2001). In turn, Young has failed to demonstrate that he was diligent during the nearly ten months before the first COVID–19 case was reported in Mississippi. Young has failed to carry his burden of demonstrating that he was diligently pursuing his case over the one year limitation period. For these reasons, Young has failed to demonstrate diligence and, therefore, is not entitled to equitable tolling. *Manning*, 688 F.3d at 185 n.2.

In the alternative, the Court addresses the extraordinary circumstances prong. Young argues that the existence of the pandemic itself entitles him to a finding of "extraordinary circumstances." Doc. [17], at 1. However, the mere existence of the COVID-19 pandemic does not, without more, constitute an "extraordinary circumstance." *See, e.g.*, *United States v. Clay*, No. 2:20–236, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021); *Hines v. United States*, No. 17–CR–364–2 (CS), 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021). Young needed to demonstrate how the pandemic prevented him from filing his habeas petition. *See, e.g.*, *Nunez v. Danforth*, No. 1:20–

7

CV–10230–PGG–SDA, 2021 WL 1063127, at *2 (S.D.N.Y. Mar. 18, 2021). Young's single sentence argument that the pandemic prevented him from filing is, without more, plainly insufficient. Doc. [17], at 1. Second, there is no indication that he was incapacitated by the "psych medicine" during the limitations period so it does not constitute an extraordinary circumstance. *See, e.g.*, *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169–70 (S.D.N.Y. 2000) (collecting cases). Finally, Young has failed to provide any evidence that he was infected with COVID-19, how long he was sick, and any long-term effects that he suffered that would prevent him from filing. Stated differently, Young has not carried his burden of demonstrating that he suffered from COVID-19. *Clarke*, 721 F.3d at 344.  For these reasons, Young has failed to demonstrate that there are "extraordinary circumstances" in this case and is also not entitled to equitable tolling for this reason. *Manning*, 688 F.3d at 185 n.2.

## IV.    Conclusion

In the present case, Young's one-year limitation period began to run on May 22, 2019. Since Young "properly filed" a PCR motion that was "pending" before the Mississippi Supreme Court for 42-days, he was entitled to have his filing deadline tolled for that same period of time. 28 U.S.C. § 2254(d)(2). Therefore, Young was required to file his present petition no later than July 3, 2020. 28 U.S.C. § 2254(d). However, Young was not entitled to any equitable tolling or application of the actual innocence exception. As such, since Young did not file his habeas petition until November 10, 2020, his petition is untimely and, therefore, should be dismissed as time-barred. 28 U.S.C. § 2244(d).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondents' motion to dismiss is granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 6th day of August 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE